## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

**JUAN C. MELENDEZ-SERRANO**

vs.

**EDUARDO J. RIVERA-JUANATEY, ET AL**

**USCA1 Case: 22-1316**

## <u>APPLICATION FOR A CERIFICATE OF APELEABILITY</u>

**TO THE HONORABLE COURT:**

**COMES NOW** appellant Juan Melendez-Serrano, and through the undersigned counsel who, very respectfully **STATES and PRAYS** as follows:

### I. Statement of Jurisdiction

On April 06, 2022, the United States District Court for the District of Puerto Rico entered a final judgment dismissing Mr. Melendez-Serrano's motion to vacate, set aside, or correct her sentence, 28 U.S.C. § 2255, and denying a certificate of appealability. Mr. Melendez-Serrano timely filed notice of appeal on April 12, 2022. See Fed. R. App. P. 4(b)(a)(1)(B). This Court has jurisdiction under 28 U.S.C. §§ 1291 & 2253.

The District Court has denied a certificate of appealability on May 17, 2022.

1

## II. Statement of the Issue

Mr. Melendez-Serrano respectfully moves this Court, under 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b)(1), and 1st Cir. R. 22(b), to grant a certificate of appealability on the following question:

Whether the district court erred in dismissing, without a hearing, Mr. Melendez-Serrano's § 2254 petition as untimely where the petitioner's inability to understand the English language, coupled with his pro se status and lack of access to legal materials, and where, based on these circumstances, the limitations period should be equitably tolled.

## II. Discussion

Under 28 U.S.C. § 2253(c)(1), Mr. Melendez-Serrano may not appeal the denial of his petition for a writ of habeas corpus "[u]nless a circuit justice or judge issues a certificate of appealability." Although the district court declined to issue a certificate of appealability, this Court has the authority to grant one, and it should do so if Mr. Melendez-Serrano satisfies the applicable standard. See *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). Where, as here, a § 2254 petition is dismissed on procedural grounds, a certificate should issue if "the applicant has made a substantial showing of the denial of a constitutional right" and "jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The "substantial showing" standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2254 petition] should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "This is a low bar." *Pinero v. Medeiros*, 381 F. Supp. 3d 169, 171 (D. Mass. 2019). This inquiry, in fact, "is not coextensive with a merits analysis." *Buck*, 137 S. Ct. at 773. "Obtaining a certificate of appealability 'does not require a showing that the appeal will succeed,' and 'a court of appeals should not decline the application … merely because it believes the applicant will not demonstrate an entitlement to relief.'" *Welch v. United States*, 136 S. Ct. 1257, 1263-64 (2016) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003)). The threshold debatability question "should be decided without full consideration of the factual or legal bases adduced in support of the claims." *Buck*, 137 S. Ct. at 773 (citation omitted).

The question presented here meets the certificate-of-appealability standard.

<u>Mr. Melendez Serrano's Case at the State Level</u>

On April 10, 1992, Mr. Melendez was convicted of three murders and sentenced to three consecutive ninety-nine (99) year sentences. That case

followed the appellate process within the Commonwealth's, where all his appeals were denied.

On February 10, 2011, he filed a motion for new trial based on newly discovered evidence. In a nutshell, hairs that were discovered on the victim at the time of the offence were disclosed. Mr. Melendez Serrano's petition was to evaluate the same with genetic marking technology unavailable in 1992. On April 4, 2012, the same was denied after an evidentiary hearing.

On 2015, following the various innocence project arguments, the Puerto Rico legislature passed the Puerto Rico Post-Conviction DNA Analysis Law of 2015. This statute allowed MR. Melendez Serrano to obtain, at the state's cost, for the mtDNA testing of the genetic materials that had been discovered under almost 40 years before, given that until 201 there was no legal means to compel the Commonwealth to do the tests or surrender the evidence for defense testing. With no opposition from Respondents, it was granted. Again, this access was not available under the statutes in force on the first motion for new trial.

The results of the testing totally excluded Mr. Melendez as the donor of the hair found in the murder scene on the top on the victim on October 17, 2016. This was particularly relevant because one of the Government's

allegations in the original trial had been that the victim had been at least molested and probably raped by the accused.

On June 13, 2017, the Puerto Rico Court of First Instance (the trial level court called to hear the motion) granted the second motion for new trial. The Court held that Mr. Melendez-Serrano had met all parts of the new-trial-based-on-newly-discovered-evidence test based on an overall finding that the mtDNA evidence <u>would have likely resulted in a different outcome had it been presented to the jury</u>. Of note is that the Judge that granted the second motion was the same judge that had denied the initial motion for new trial and stated on her ruling that she had been wrong to deny the initial motion in 2012.

In a two-to-one decision, the Puerto Rico Court of Appeals reversed the Court of First Instance, with two judges concluding the trial court abused its discretion in ordering a new trial. The panel agreed the new evidence was not merely cumulative, but not the materiality aspect. Importantly, the materially aspect is fundamentally covered under federal precedent. The Puerto Rico Supreme Court affirmed the Court of Appeals' decision with the final decision rendered November 1, 2019.

All throughout the new trial motion process before the Commonwealth's Courts, Mr. Melendez-Serrano was represented by the undersigned and attorney Alex Rosa-Ambert (who is currently an Assistant

Federal Public Defender in Huston, Texas) in a pro-bono manner, neither attorney charging him for their services.

<p style="text-align: center;">The Federal 2255 Case</p>

On October 27, 2020, Mr. Melendez-Serrano filed a pro se *Application for Habeas Corpus Under 28 USC 2254*, a *Motion for Leave to Proceed in Forma Pauperis* and a *Motion to Appoint Counsel*. <u>See</u> docket entries no. 1, 2, and 3.

On October 28, 2020, all three documents were given a notice of defective filing as lacking an original signature. On November 6, 2020, less than a week after the notice and eleven days before the deadline set by the Court the documents were re-filed. <u>See</u> docket entries no. 5, 6, and 7. This promptness in responding to the Court's order will become relevant in short order.

On November 20, 2020, the Court denied the petition to appoint counsel and the petition to proceed in forma pauperis as the affidavit on indigency was not properly filled out. Again, with due promptness, the same was refiled on December 4, 2020.

On March 21, 2022, without warning, the District Court dismissed the case, as "It is plaintiff's responsibility to keep the Court informed if the plaintiff's address changes. The Court has not been informed of any changes

and multiple items were returned as undeliverable, therefore, this case is dismissed without prejudice for failure to prosecute."

6. On March 31, 2022, Mr. Melendez-Serrano filed a *Motion Seeking Relief from Order*, stating in sum that:

- He is an inmate of the Puerto Rico correctional system and that as such he is not allowed to receive mail or email directly. He has no control over where he resides, how he receives his mail, how long the mail lingers in the mailroom.
- All his mail and email are received by the Department of Corrections. After inspection, they are supposed to give it to him, but he has not received a single document in this case. All the information he has obtained is thru third parties.
- If his wife had not called a former attorney and have him check the status of the case, he would never have learned that the case had been dismissed.
- He requested relief from the dismissal for the above reasons and re-stated his request for counsel

4. Notwithstanding the long-established practice of leniency in deadlines towards pro-se litigants, the District Court denied this motion for relief from judgement.

4. The present appeal ensued.

## IV. Argument

<u>The District Court's Abuse of Discretion in Dismissing the Case</u>

The district court's judgment of dismissal was issued suddenly and without warning and, more importantly, without giving appointed counsel an

opportunity to address any concerns which might have arisen after the court's original decision that the case should be litigated.

Summary sua sponte dismissal of Mr. Melendez-Serrano § 2255 motion was legally erroneous because "[u]nder the applicable legal standards, sua sponte dismissal is appropriate only when the petition presents obviously untenable arguments that further factual development, legal explication, or the assistance of counsel cannot make tenable." Randy Hertz and James S. Liebman, *Federal Habeas Corpus Practice and Procedure*, Sixth Edition § 15.2[c][i] at 895 (Matthew Bender 2011); see also 28 U.S.C. § 2255 (stating that a district court must grant an evidentiary hearing "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief."). Mr. Melendez-Serrano's claims were not so "vague (or) conclusory," or so "palpably incredible," or "patently frivolous or false" as to permit summary disposition of the motion. *Blackledge v. Allison*, 431 U.S. 63, 73 and 75 (1977).

This is especially so since the Court was evaluating the case based on Mr. Melendez-Serrano' pro se and in forma pauperis filings. See *Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[I]nitial assessment of the in forma pauperis plaintiff's factual allegations must be weighted in favor of the

plaintiff.") "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. See *Haines*, 404 U.S. at 521.

This is particularly difficult to understand when Mr. Melendez-Santiago replied to all orders as soon as he became aware of them, usually even before the term provided tolled.

This Court has noted that unconditional dismissal with prejudice is a "harsh" and "severe" remedy which runs counter to this circuit's "strong policy favoring the disposition of cases on the merits." *Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc.*, 848 F.2d 315, 317 (1st Cir. 1988); see also *Lawes v. CSA Architects and Engineers LLP*, 963 F.3d 72, 91 (1st Cir. 2020).

In this case a dismissal, even one without prejudice, is the functional equivalent of an unconditional dismissal. The nominal answer is: why not simply re-file the petition? Although here the 2254 petition was dismissed without prejudice it needs to be emphasized that that the simply-re-file approach could, and likely would, lead to (un)timeliness issues.

The dismissal is also improper given that the Commonwealth is litigating an almost identical claims, involving the same facts. On the same day Mr. Melendez-Serrano filed his case, a companion case was filed Antonio Ramos-Cruz, who had been Mr. Melendez-Serrano's co-defendant at the state level. The case is currently active as *Ramos Cruz vs Carrau-Martinez*, Civil No. 20-01589 (FAB), in the US District Court for the District of Puerto Rico.

Although there were similar initial hiccups with the filing of signed documents, Mr. Ramos-Cruz was granted pro-se status, and appointed the Federal Public Defender as his counsel. The Commonwealth has appeared in the case, and it is currently in active pre-trial litigation.

The Commonwealth prosecuted both Mr. Melendez-Serrano and Mr. Ramos-Cruz. There is no reason why one was appointed counsel and the other was not. Appointment of counsel has made all the difference in the case. The undersigned counsel appeared, in a pro-se manner, when made aware of the dismissal.

In considering the propriety of the dismissal in this case, it is important to remember that habeas corpus stands as the last safeguard protecting personal liberty. It is Mr. Melendez-Serrano' last line of defense against a wrongful conviction. As such, Mr. Melendez-Serrano' § 2255 motion should not be denied without affording him an opportunity to develop and present his

case to the court. AEDPA is a difficult and highly technical statute. More than once it has been deemed cruel in its application; surely, it's not this cruel.

The government did not establish that the facts alleged by Mr. Melendez-Serrano are false, frivolous or that his claim is insupportable as a matter of law. Nor did it claim the existence of any defense barring relief and/or that it would be prejudiced by the reinstatement of this case. At the very least, this Court should grant Mr. Melendez-Serrano a certificate of appealability on the question presented.

## V. Conclusion

Based on the arguments above, this Court can and should grant the certificate of appealability

**WHEREFORE,** the appearing Defendant in the above captioned case respectfully requests that this Honorable Court grant a certificate of appealability.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed an exact copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record**.**

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this July 11, 2022.

<div style="margin-left:40%">

*S/Juan F. Matos de Juan*
Juan F. Matos de Juan
USDC-PR 207605
255 Ponce de Leon, suite 1210
Hato Rey, Puerto Rico, 00917
Telephone: (787) 509-2335
E-Mail: matos@sgmr.net

</div>